IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TINA LACHIEF PATTERSON #683089 | § | |
| v. | § | CIVIL ACTION NO. 6:14cv602 |
| UNIVERSITY OF TEXAS MEDICAL BRANCH, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Tina Patterson, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of her constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. Patterson named the University of Texas Medical Branch, TDCJ Director William Stephens, and an individual identified as Dr. Shirley Faye Marks.

Patterson stated that she was sexually assaulted in 1996 or 1997 because she was forced to engage in a "makeshift marriage ceremony" in the warden's office. She suffered "18 years of mental torture" but when she contacted the Office of the Inspector General in 2014, she was told the investigation had been closed because the perpetrator was an "unknown person." Patterson states that this is incorrect, Dr. Marks was the person who assaulted her, and Dr. Marks was wearing lipstick during the marriage ceremony in the warden's office.

The magistrate judge directed Patterson to file an amended complaint setting out her claims with more factual specificity. Her amended complaint simply requests a finding that the defendants inflicted "gross damages and deliberate indifference" upon her. In a supplemental complaint, Patterson refers to a sexual assault carried out by an inmate named Nakeeta Cadoree some 15 years

1

ago and another "makeshift marriage ceremony" between herself and an individual named Sgt. Shane Laney in the Riverside Unit law library in 2001. She does not indicate how any of the named defendants are responsible for either of these alleged incidents.

After review of the pleadings, the magistrate judge issued a report recommending that the lawsuit be dismissed because of the expiration of the statute of limitations. The magistrate judge stated that the incidents happened well outside of the limitations period and Patterson offered no basis upon which the statute of limitations should be equitably tolled.

In her objections, Patterson states that the limitations period should be tolled based on her "incapacities, mental illness, blacked out to no memory type of incompetence." She goes on to assert that

> The law generally makes it a crime for a person to induce by promise of marriage or (as in Patterson's case) some other trick to an unmarried woman to have sex with him/her. Sex is essential in this crime, but it's with consent of the woman ... it must result from promise of marriage or some form of flattery or deception that cause of [sic] a person to give up their chastity. If marriage does take place (as in Patterson's case) it's bar to conviction for seduction in which also makes it a tort for which damages may be recovered in a civil action. Though it's a misdemeanor unless the law makes it a felony.

Patterson goes on to contend that her lawsuit is not frivolous because of the operation of equitable estoppel. She states that

> Plaintiff Lachief Patterson is warranted incompetent when she is sure that she was juxtapositioned in a paranormal like invisible force field of another realm of time and place even thousands of years ago to were [sic] the instant she tried to refuse to engage in the marriage ceremony the one in whom stood to be married to Patterson would be hit violently by the invisible persons that sounded like it was an excessive number of .. [sic] and the to be spouse would brace themselves to scream but the plaintiff hurries to not refuse ... [sic] Plaintiff Lachief Patterson incompetently positive [sic] the weapon used would include a whip and some kinda razors and sharp ... [sic]

At this point, the objections switch from hand-written to typed, and continue:

> [o]bject or tool of torture ripping off her skin, slice by slice ... pause ... crucified, murdered in horrid unbelievable way ... all if the plaintiff decisions went against these spiritual LAWS. The SPIRITUAL LAWS GOVERN BY A JEWISH PRECEPT of the marriage. THIS being the side of the case whereas the Authority that had hand in summoning the TDCJ officials to escort the Plaintiff from her prison quarters to the warden's office could be in fact have be [sic] warranted an ECCLESIASTICAL URGENT MATTER, even JUSECCLESATICUM [sic] AND

2

THE CEREMONY MAYHAPS BE MOVED BY ECCLESIASTICAL LAW. The body of LAW derived from Canon and civil law ... AMERICAN CANON LAW also termed a JUSECCLESIATICUM (SPIRITUAL LAW) being that Canon Law now codified in the CODEX Juris Canonic: papal law, as to the ecclesialica Authorities. The Church hierarchy answerable to the CROWN be set apart from the rest of the citizens, responsible for superintending public worship and other religious ceremonies, rather they be as bizarre as Plaintiff Tina Lachief Patterson case and for a administering [sic] SPIRITUAL COUNSEL and instructions.

The objections then resume as hand-written and state Patterson has learned that marriage ceremonies may be a "bond," meaning a civil commitment, because the ceremonies were performed in the warden's office, in a state prison, which is "as legal as a judge's courtroom."

Patterson again contends that she had no memory for a number of years and the bases of her claim would have to be derived from her mental health medical records, which would have to be obtained by court order along with a court-appointed attorney. Patterson swears that she was absolutely unaware of the events at the time they occurred; she remembers reporting to the doctor while in and out of the mental hospital when she could not tell the difference between waking activities and nightmares or dreams. She did not know what was reality or not reality and it took a lot of years before certain unspecified incidents and circumstances triggered something in her brain allowing memory to come, and "she learned to keep focus on the memory to know if it was something such as the claims against the defendants in her lawsuit was real reality though the statute of limitations to file was up."

Patterson argues that she suffers from mental illness. Texas law provides that a person of "unsound mind" is under a legal disability, and the time during which a person is under a legal disability is not included in the limitations period. Tex. Civ. Prac. & Remedies Code §16.001(b). However, Patterson furnishes no evidence, other than that which is apparent on the face of her pleadings, to substantiate her claim of mental illness. The plaintiff bears the burden of establishing a factual basis justifying tolling of the limitations period. Hood v. Sears Roebuck & Co., 168 F.3d 231, 232 (5th Cir. 1999).

More significantly, Patterson's pleadings fail the test of factual frivolousness. The Supreme Court has stated that "a complaint, containing as it does both factual allegations and legal

3

conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A finding of factual frivolousness is appropriate where the facts alleged rise to the level of the irrational or wholly incredible. Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992).

In this case, Patterson's primary claim is that she was forced to engage in a same-sex marriage ceremony with Dr. Shirley Marks in the office of the warden of the prison. Had Patterson refused to participate, she states the individual she was marrying - presumably Dr. Marks - would suffer beatings, torture, and murder at the hands of invisible persons. These claims plainly rise to the level of the irrational or wholly incredible.

Similar allegations were raised in Perry v. Livingston, civil action no. 5:06cv81, 2006 U.S. Dist. LEXIS 55104 (E.D.Tex., August 8, 2006, no appeal taken), in which inmate Rayford Perry alleged he was forced into a marriage with an officer named Sherry Courtney. This Court held that the plaintiff's allegations were "fanciful, fantastic and delusional." *See also* Johnson v. D.E.A., 137 F.App'x 680, 2005 U.S. App. 11939 (5th Cir., June 21, 2005) (allegation that the Drug Enforcement Administration implanted a transmitter in his scalp, causing him to be "aggressively sought after for purposes of sexual reasons by many famous individuals" held to be factually frivolous; Vinson v. Texas Board of Corrections, 901 F.2d 474, 475 (5th Cir. 1990) (cataloguing list of nonsensical claims and stating that "to recount the characteristics and history of this inmate's litigation is to foreshadow what we must do with it"). To the extent that Patterson challenges the magistrate judge's recommendation to dismiss her lawsuit, these objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge correctly recommended dismissal

of this lawsuit as frivolous, and the Plaintiff's objections to this recommendation are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the report of the magistrate judge (docket no. 22) is **ADOPTED** as the opinion of the District Court insofar as it recommends dismissal of the lawsuit as frivolous. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** as frivolous for purposes of proceeding *in forma pauperis*. It is further

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.** It is further

**ORDERED** that the Clerk shall transmit a copy of this order to the Administrator of the Three Strikes List for the Eastern District of Texas.

 **SIGNED this 21st day of October, 2015.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE